# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>BOOKIES, INC., et al.,<br><br>    Defendants. | Case No. 1:22-cv-01008-ADA-SAB<br><br>ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF IN PART AND EXTENDING DEADLINE TO COMPLETE SERVICE BY THIRTY DAYS<br><br>(ECF No. 17) |

    Plaintiff filed this action on August 11, 2022. (ECF No. 1.) On August 31, 2022, Plaintiff filed a first amended complaint, naming Northwood Associates as an additional Defendant. (ECF No. 5.) On November 16, 2022, Plaintiff filed what is entitled a request for administrative relief from the service deadline. (ECF No. 17.) Plaintiff erroneously files the motion pursuant to what appears to be "Local Rule 7-11" of the Northern District of California. The Court construes the motion as a motion for administrative relief under Eastern District Local Rule 233.

    Local Rule 233 provides that "[m]iscellaneous administrative matters which require a Court order may be brought to the Court's attention through a motion for administrative relief." L.R. 233. "Examples of matters that such motions may address include motions to exceed applicable page limitations; requests to shorten time on a motion; requests to extend a response deadline; requests to alter a briefing schedule; or requests to alter a discovery schedule that does

not affect dispositive motion filing dates, trial dates, or the final pre-trial conference." Id. Such motions: "(1) must be labeled as a motion for administrative relief; (2) may not exceed 5 pages (excluding declarations and exhibits); (3) must set forth specifically the action requested, the reasons supporting the request, and relevant background information (such as a description of any similar relief that has previously been granted); (4) must be accompanied by a proposed order; (5) must include a statement setting forth the position of all parties affected by the motion, or a statement explaining why such position could not be ascertained; and (6) if manually filed, must be delivered with all attachments on all parties on the same day the motion is filed." L.R. 233(a)(1)-(6). An opposition is due within five (5) days after the motion was filed. L.R. 233(b). Unless otherwise ordered, a Motion for Administrative Relief is submitted on the day after the opposition is due for immediate action by the Court without hearing. L.R. 233(c).

Plaintiff labeled the filing a "request" for administrative relief pursuant to the incorrect rule and thus technically did not comply with subsection (a)(1). Plaintiff did not discuss the position of the other served Defendant in this action as required by subsection (a)(5). Nonetheless, given no opposition was filed and the subject matter of the motion, in the interest of efficiency, the Court proceeds to the merits.

Rule 4(m) provides that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. The order setting the scheduling conference in this matter additionally provides that: "plaintiff shall diligently pursue service of the summons and complaint and dismiss those defendants against whom the plaintiff will not pursue claims . . .[and] plaintiff shall promptly file proofs of service of the summons and complaint so the Court has a record of service." (ECF No. 3 at 1.)

Plaintiff proffers he has been diligent diligently attempting to serve Defendant with the Summons and First Amended Complaint, but has not been able to effect service on Defendant. (ECF No. 17 at 1.) Plaintiff proffers he has attempted service at a specific address, but according

to the process server, the business is no longer at this address.  (Id. at 2.)  Plaintiff plans to conduct further research and provide a new address to the process server.  (Id.)  Plaintiff requests a sixty (60) day extension of time to serve Defendant Northwood Associates, LLC.

The only date provided as to the above facts is located in the attached declaration, and only states that on August 31, 2022, Plaintiff's counsel directed a paralegal to serve Defendant Northwood Associates, LLC.  (Decl. Tanya Moore ("Moore Decl.") ¶ 2, ECF No. 17-1 at 2.)  Counsel then proffers: "One Legal attempted to serve  . . . but . . . the business is no longer located at the address provided for service."  (Id. at ¶ 3.)  No date is provided.

The Court does not find Plaintiff has not demonstrated diligence to justify a sixty (60) day extension, given no dates are provided as to the manner of pursuing service.  However, given Plaintiff filed the motion before the deadline to complete service had expired, the Court finds sufficient good cause to grant a thirty (30) day extension from the current deadline.  Fed. R. Civ. P. 4(m).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for administrative relief (ECF No. 17) is GRANTED in part; and

2. The deadline for Plaintiff to complete service on Defendant Northwood Associates, LLC, is extended to December 29, 2022.[1]

IT IS SO ORDERED.

Dated:   **November 23, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[1] It appears Plaintiff's proposed order calculates the 90-day deadline as proceeding from the date of the institution of this action.  (See ECF No. 17 at 2.)  The Court presumes the 90-day period for Rule 4(m) runs from the date of the filing of an amended complaint.  See Torres v. Colvin, No. CV-13-2300-PHX-LOA, 2014 WL 2683296, at *1 (D. Ariz. June 13, 2014) ("The filing of an amended complaint does not restart the 120–day service period against a defendant *named in the original complaint* under Rule 4(m).") (emphasis added); McGuckin v. United States, 918 F.2d 811, 813 (9th Cir. 1990) ("[W]e must construe the 120–day limit of Rule 4(j) to run from the filing of the second amended complaint.  To interpret the rule otherwise would restrict the time available for adding defendants to within 120 days after commencement.").  Rule 4(m) was amended, effective December 1, 2015, to shorten the time for service from 120 to 90 days.