# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>           Plaintiff,<br><br>      v.<br><br>BOOKIES, INC., et al.,<br><br>           Defendants. | Case No. 1:22-cv-01008-ADA-SAB<br><br>ORDER DENYING MOTION FOR 42-DAY EXTENSION AND GRANTING 7-DAY EXTENSION TO COMPLETE SERVICE<br><br>(ECF No. 22) |

Plaintiff filed this action on August 11, 2022. (ECF No. 1.) On August 31, 2022, Plaintiff filed a first amended complaint, naming Northwood Associates as an additional Defendant. (ECF No. 5.) The Court previously granted extensions of time to complete service on this Defendant on November 23, 2022, and December 29, 2022. (ECF Nos. 18, 20.) On February 7, 2023, Plaintiff filed a third request for administrative relief from the service deadline. (ECF No. 22.) For the third time, Plaintiff erroneously files the motion pursuant to what appears to be "Local Rule 7-11" of the Northern District of California, despite the Court advising Plaintiff of such error when granting the first motion. The Court again construes the motion as a motion for administrative relief under Eastern District Local Rule 233.

Local Rule 233 provides that "[m]iscellaneous administrative matters which require a Court order may be brought to the Court's attention through a motion for administrative relief." L.R. 233. "Examples of matters that such motions may address include motions to exceed

1

applicable page limitations; requests to shorten time on a motion; requests to extend a response deadline; requests to alter a briefing schedule; or requests to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pre-trial conference." Id. Such motions: "(1) must be labeled as a motion for administrative relief; (2) may not exceed 5 pages (excluding declarations and exhibits); (3) must set forth specifically the action requested, the reasons supporting the request, and relevant background information (such as a description of any similar relief that has previously been granted); (4) must be accompanied by a proposed order; (5) must include a statement setting forth the position of all parties affected by the motion, or a statement explaining why such position could not be ascertained; and (6) if manually filed, must be delivered with all attachments on all parties on the same day the motion is filed." L.R. 233(a)(1)-(6). An opposition is due within five (5) days after the motion was filed. L.R. 233(b). Unless otherwise ordered, a Motion for Administrative Relief is submitted on the day after the opposition is due for immediate action by the Court without hearing. L.R. 233(c).

As with the previous two motions, Plaintiff labeled the filing a "request" for administrative relief pursuant to the incorrect rule and thus technically did not comply with subsection (a)(1). Plaintiff did not discuss the position of the other served Defendant in this action as required by subsection (a)(5). Nonetheless, given no opposition was filed and the subject matter of the motion, in the interest of efficiency, the Court proceeds to the merits.

Rule 4(m) provides that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. The order setting the scheduling conference in this matter additionally provides that: "plaintiff shall diligently pursue service of the summons and complaint and dismiss those defendants against whom the plaintiff will not pursue claims . . .[and] plaintiff shall promptly file proofs of service of the summons and complaint so the Court has a record of service." (ECF No. 3 at 1.)

Plaintiff proffers he continues to diligently attempt to serve Defendant but has not been

1 able to effect service; that Plaintiff attempted service at 3606 6th Street, Ceres, CA 95307, but
2 according to the process server, the business is no longer located at the address provided for
3 service; that Plaintiff requested that the process server attempt service at 3606 6th Street, Ceres,
4 CA 95307, but this time to ask for Panella Dryage Co.; that the process server was told on each
5 three service attempts from December 4, 2022 to December 7, 2022, that the location is closed
6 and open by appointment only; that Plaintiff's process server continued to attempt service on
7 Defendant at 3606 6th Street, Ceres, CA 95307, and spoke to agent for Defendant through an
8 intercom, who refused to come outside to be served with the summons and complaint, evading
9 service; that Plaintiff plans to file a motion to serve Defendant through the California Secretary
10 of State; and that Plaintiff requires a further 42-day extension to complete service (or take
11 appropriate action) with regards to serve Defendant.

12 In the body of the motion, the last specific date that Plaintiffs proffer demonstrate
13 diligence are December 4, and December 7, 2022, and Plaintiff provides only generalized
14 statements that the above attempts at the same address were made, but no dates are provided, nor
15 any other statements demonstrating diligence to complete service. The only date provided in the
16 attached declaration is December 3, 2022. (ECF No. 22-1 at 2.)

17 The Court cannot find diligence based on such generalized proffer with no dates provided
18 aside from dates approximately three weeks before the December 29, 2022, motion was filed.
19 Indeed, in granting the first extension of time on November 23, 2022, the Court found the lack of
20 dates and information precluded finding diligence to justify a 60-day extension of time:

> The only date provided as to the above facts is located in the attached declaration, and only states that on August 31, 2022, Plaintiff's counsel directed a paralegal to serve Defendant Northwood Associates, LLC. (Decl. Tanya Moore ("Moore Decl.") ¶ 2, ECF No. 17-1 at 2.) Counsel then proffers: "One Legal attempted to serve . . . but . . . the business is no longer located at the address provided for service." (Id. at ¶ 3.) No date is provided.
>
> The Court does not find Plaintiff has not demonstrated diligence to justify a sixty (60) day extension, given no dates are provided as to the manner of pursuing service. However, given Plaintiff filed the motion before the deadline to complete service had expired, the Court finds sufficient good cause to grant a thirty (30) day extension from the current deadline. Fed. R. Civ. P. 4(m).

(ECF No. 18 at 2.)

The Court shall grant Plaintiff an additional seven (7) days from the date of entry of this order to serve Defendant. If Defendant is not served or Plaintiff is not able to clearly demonstrate good cause to justify a further extension, the Court is inclined to recommend dismissal of Defendant without prejudice. Fed. R. Civ. P. 4(m). The Court would be disinclined to find facts supporting service on the California Secretary of State. See Freshko Produce Servs., Inc. v. ILA Prod., Inc., No. 119CV00017DADBAM, 2020 WL 2039049, at *2 (E.D. Cal. Apr. 28, 2020) ("Plaintiff has failed to establish that process cannot be served with reasonable diligence.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for administrative relief (ECF No. 22) is DENIED in part and GRANTED in part; and

2. The deadline for Plaintiff to complete service on Defendant Northwood Associates, LLC, is extended for a period of seven (7) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **February 14, 2023**

UNITED STATES MAGISTRATE JUDGE

4