# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>BOOKIES, INC., et al.,<br><br>        Defendants. | Case No. 1:22-cv-01008-ADA-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT NORTHWOOD ASSOCIATES SHOULD NOT BE DISMISSED<br><br>(ECF No. 23)<br><br>**FIVE DAY DEADLINE** |

      Plaintiff filed this action on August 11, 2022. (ECF No. 1.) On August 31, 2022, Plaintiff filed a first amended complaint, naming Northwood Associates as an additional Defendant. (ECF No. 5.) The Court previously granted extensions of time to complete service on this Defendant on November 23, 2022, and December 29, 2022. (ECF Nos. 18, 20.) On February 7, 2023, Plaintiff filed a third request for administrative relief from the service deadline. (ECF No. 22.)

      On February 15, 2023, the Court denied Plaintiff's motion for a forty-two (42) day extension of time, finding Plaintiff had not demonstrated diligence warranting such extension, and ordered Plaintiff to complete service on Defendant Northwood Associates within seven (7) days of entry of the order. (ECF No. 23.) Therefore, Plaintiff's deadline to complete service expired on February 22, 2023, and Plaintiff has not filed a proof of service or otherwise filed a status report concerning the deadline to complete service.

Rule 4(m) provides that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.  The order setting the scheduling conference in this matter additionally provides that: "plaintiff shall diligently pursue service of the summons and complaint and dismiss those defendants against whom the plaintiff will not pursue claims . . .[and] plaintiff shall promptly file proofs of service of the summons and complaint so the Court has a record of service." (ECF No. 3 at 1.) Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that within five days of entry of this order, Plaintiff shall show cause in writing why Defendant Northwood Associates, LLC, should not be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m), for failure to serve. Failure to comply with this order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:    **February 23, 2023**

UNITED STATES MAGISTRATE JUDGE